IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAWN CORBIER, as Administrator of the
ESTATE OF JOSHUA B. JURCICH,

      Plaintiff,

vs.

ST. CLAIR COUNTY SHERIFF RICHARD
WATSON, *et al.,*

      Defendants.

Case No. 16-cv-0257-SMY-SCW

**ORDER**

This matter comes before the Court on Plaintiff Dawn Corbier's Motion for Leave to Amend Complaint (Doc. 99). Plaintiff asserts that continuing investigations have revealed additional facts that require amendment of the initial Complaint.

Motions to dismiss are likewise pending—the majority of which are filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. While the St. Clair County Defendants do not oppose the current motion, they posit that the proposed amendments do not cure defects raised in their motion to dismiss (see Doc. 99, p. 2). The Wexford Defendants filed a response in opposition (Doc. 101) and similarly contend that the proposed amendments do not cure any of the problems raised in their motions to dismiss.

Federal Rule of Civil Procedure 15(a)(2) directs the Court to freely give leave to amend when justice so requires. A district court may deny a motion to amend "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) quoting *Crestview Vill. Apartments v. United States HUD,* 383 F.3d 552, 558 (7th Cir. 2004). Futility, therefore, is a

valid reason to deny leave to amend. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir.2007).

Here, solely striking of some allegations and claims from the original Complaint would not cure deficiencies arising under Fed. R. Civ. P. 12(b)(6). However, it is not yet clear what impact the additional facts regarding other suicide attempts occurring in the St. Clair County Jail will have on the Court's analysis. This action is in its early stages and this motion presents Plaintiff's first request to amend. The only disadvantage to Defendants in granting the motion is that they will have to re-file their motions to dismiss. If Defendants are correct that the additional facts do not remedy the problems raised in the motions to dismiss, there will be little time spent in revising and re-filing the motions. Thus, granting the motion will not prejudice Defendants.

For these reasons, Plaintiff's Motion for Leave to Amend Complaint is GRANTED and the pending motions to dismiss at Docs. 76, 80, 85, 87, 89, 91 and 93 are terminated as MOOT.

**IT IS SO ORDERED.**

**DATE: November 16, 2016**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**DISTRICT JUDGE**
