UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAWN CORBIER, As Administrator of the ESTATE OF JOSHUA B. JURCICH, <br><br>　　Plaintiff, <br><br>vs. <br><br>ST. CLAIR COUNTY SHERIFF RICHARD WATSON, MAJOR PHILLIP MCLAURIN, ST. CLAIR COUNTY, OFFICER STEVEN FRIERDICH, OFFICER JAMES WAGENER, SERGEANT DAVID NICHOLS, OFFICER MARK HARRIS, OFFICER DANTE BEATTIE, THOMAS MESEY, OFFICER ERIC WALTER, LIEUTENANT NANCY SUTHERLIN, OFFICER PATRICK FULTON, and OFFICER JON KNYFF <br><br>　　Defendants. | Case No. 16-CV-00257-SMY-RJD |

## JOINT MOTION TO AMEND JUDGMENT

COMES NOW, Plaintiff, Dawn Corbier, as Administrator of the Estate of Joshua B. Jurcich, and Defendants, Sheriff Richard Watson, Major Phillip McLaurin, St. Clair County, Officer Steven Frierdich, Officer James Wagener, Sergeant David Nichols, Officer Mark Harris, Officer Dante Beattie, Sergeant Thomas Mesey, Officer Eric Walter, Lieutenant Nancy Sutherlin, Officer Patrick Fulton, and Officer Jon Knyff, by and through the undersigned counsel and for the Joint Motion to Amend Judgment, and state as follows:

　　1.　　Defendants issued an Offer of Judgment to Plaintiff in this matter on February 15, 2019.

　　2.　　Plaintiff accepted the Offer of Judgment on February 25, 2019. See Doc. 288.

3. The Court entered judgment in this matter on February 26, 2019. See Doc. 289.

4. Due to the complexities of this case including the naming of numerous defendants in the initial complaint but dropping said defendants from subsequent amended complaints as well as orders on motions to dismiss and motion for summary judgment, the Judgment in this matter contains a few inaccuracies. Specifically, the Judgment includes the following inaccuracies: (1) the Judgment names "St. Clair County Sheriff Richard Watson" and does not clarify that Sheriff Watson has only been sued in his official capacity; (2) Sergeant David Nichols, Officer Steven J. Frierdich, and Lieutenant Nancy Sutherlin were dismissed in Count I – §1983 Failure to Protect but not in Count V – State Law Wrongful Death; (3) there is no accounting for the numerous St. Clair County officers who were named defendants but subsequently dropped from subsequent amended complaints; and (4) the Parties have agreed that the Judgment should be amended to limit the Judgment to St. Clair County only.

5. Fed.R.Civ.P 52(b) provides that: "On a party's motion filed no later than 28 days after the entry of judgment, the Court may amend its findings—or make additional findings—and may amend the judgment accordingly." The purpose of a Rule 52(b) motion is to amend a judgment to correct manifest legal or factual errors or to present newly discovered evidence. See *F.T.C. v. QT, Inc.*, 472 F. Supp. 2d 990, 993 (N.D. Ill. 2007), aff'd, 512 F.3d 858 (7th Cir. 2008). The motion is

appropriate not because of error of reasoning but due to error of apprehension. See *RKI, Inc. v. Grimes*, 200 F. Supp. 2d 916, 920 (N.D. Ill. 2002).

6. The Judgment names "St. Clair County Sheriff Richard Watson" and does not clarify that Sheriff Watson has only been sued in his official capacity. The Parties acknowledge that the caption of this case names "St. Clair County Sheriff Richard Watson"; however, a review of the Third Amended Complaint, (doc. 267), demonstrates that Sheriff Watson was only sued in his official capacity in Count III – *Monell*, Count IV – ADA, and Count VI – *Respondeat Superior*. The Parties agree that any Judgment against Sheriff Watson should be against "Defendant, St. Clair County Sheriff Richard Watson, in his official capacity".

7. A point that Defendants were going to raise with the Court prior to the start of trial is in regards to the status of Defendants, Sergeant David Nichols, Officer Steven J. Frierdich, and Lieutenant Nancy Sutherlin. These Defendants were named in Count I – §1983 Failure to Protect, and Count V – State Law Wrongful Death. Defendant, Nichols, was dismissed from Count I in the Court's Order granting Defendants' Motion to Dismiss in part. See Doc. 286. Defendants, Frierdich and Sutherlin, were granted summary judgment on Count I. See Doc. 287. In the Court's analysis of Count V the Court did not address the specific allegations against Defendants; the Court only addressed the issue of whether a suicide can be an intervening act to negate a wrongful death claim. The Court did not address the reality that in its previous rulings on Count I dismissing Defendant, Nichols, (see Doc. 286, pp. 5), and in its granting of summary judgment in favor of Defendants,

Frierdich, or Sutherlin, (see Doc. 287, pp. 10-11), the Court held that there were insufficient allegations that said Defendants were aware of facts or information that should have put them on notice of a substantial risk that Jurcich would commit suicide. A §1983 failure to protect from suicide and a jail officials potential wrongful death liability for a suicide are substantial similar in that they require some evidence of a defendant's awareness of a threat of self-harm. Since Defendants, Nichols, Frierdich, and Sutherlin, were either dismissed or granted summary judgment for lack of awareness on Count I, then similar dismissals and/or judgments should be entered as to the Count V state law wrongful death claims. Plaintiff does not dispute or object that no judgment should be entered against Defendants, Nichols, Frierdich, and Sutherlin.

8. There are eleven other St. Clair County officer defendants originally named in first Complaint in this matter. See Doc. 1. Plaintiff eventually dropped these Defendants in subsequent iterations of the complaint. Defendant, Officer Chris Lanzante, was named in the original complaint as a defendant. See Doc. 1. However, in the First Amended Complaint Defendant, Lanzante, was not included. See Doc. 118. The ten other Defendants, Officer Terrence E. Owens, Sgt. Missy, Lt. John Fulton, Sgt. Brian Cunningham, Officer Dane Brueggeman, Officer Howard Kurtz, Officer Leslie Rivera, Officer Mike Ripperda, Officer Nicole Liebig, and Officer Charles Germaine, were named in the first two complaints, (docs. 1 and 118), but were not included in the Second Amended Complaint, (doc. 211). While there was no order dismissing these parties, if a defendant in the original complaint

is not named as defendant on the cover of the amended complaint, the court will treat that defendant as dropped from the suit. See *Wynn v. Cooper*, 92 C 3894, 1993 WL 398605, at *5 (N.D. Ill. Oct. 6, 1993) also see *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1107 (11th Cir. 2004), (the dropping of an action is construed to constitute a dismissal without prejudice.) These eleven Defendants were never listed in any order dismissing them. Defendants seek to amend the Judgment to make it clear that all claims against these Defendants have been dismissed with prejudice.

9. Finally, the Parties are in agreement that there is no need for a judgment to be entered against the remaining defendants. The Parties agree that a judgment against St. Clair County in the amount of $850,000 is sufficient to resolve this matter without the need for a trial. As such the Parties agree and stipulate that Defendants, St. Clair County Sheriff Richard Watson, Major Phillip McLaurin, Officer James D. Wagener, Officer Mark J. Harris, Officer Dante Beattie, Officer Thomas Mesey, Officer Eric L. Walter, Officer Patrick Fulton, and Officer Jon Knyff, may be dismissed from this case with prejudice. In the event that the Court disagrees with the dismissal of Defendants, Sergeant David Nichols, Officer Steven J. Frierdich, and Lieutenant Nancy Sutherlin, for the reasons stated above, then this paragraph's request includes those three defendants.

10. The Parties jointly move to amend the judgment as stated herein and will submit a proposed amended judgment consistent with this agreed motion and stipulation to the Court's proposed order inbox.

WHEREFORE, Plaintiff, Dawn Corbier, as Administrator of the Estate of Joshua B. Jurcich, and Defendants, Sheriff Richard Watson, Major Phillip McLaurin, St. Clair County, Officer Steven Frierdich, Officer James Wagener, Sergeant David Nichols, Officer Mark Harris, Officer Dante Beattie, Sergeant Thomas Mesey, Officer Eric Walter, Lieutenant Nancy Sutherlin, Officer Patrick Fulton, and Officer Jon Knyff, respectfully request that this Honorable Court GRANT Joint Motion to Amend Judgment, and for such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

### For Plaintiff (with consent):

By: ___/s/ Sheila Bedi (with consent)___
Sheila Bedi
Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-2492

### For Defendants

By: ___/s/ Thomas R. Ysursa___
Thomas R. Ysursa #6257701
Becker, Hoerner, & Ysursa, P.C.
5111 West Main Street
Belleville, IL 62226
Telephone: (618) 235-0020
Facsimile: (618) 235-0020
Email: try@bhylaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing document was electronically served on all counsels who have filed appearances in this case via the Court's CM/ECF system on March 6, 2019.

                                                        /s/ Tonya Loehring